UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO FENTAINES,

        Plaintiff,

    v.

CONTRA COSTA OFFICE OF THE SHERIFF,

        Defendant.
                               /

No. C 08-0036 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a prisoner at the Contra Costa County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

### A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Defendants**

In the caption plaintiff lists the defendant as "Contra Costa Office of the Sheriff."  On page three of the form complaint, where he is asked to list the defendants, he names only "Employees of Contra Costa Office of the Sheriff."  In the "Statement of Claim" portion of the complaint, he names a large number of sheriff's office employees in a context that suggests he may intend them to be defendants.  As discussed below, the complaint will be dismissed with leave to amend; in the amendment, plaintiff shall clearly indicate who he intends to be defendants in this case by including them in the caption and on page three, and providing an address at which each one can be served.

**C.   Legal Claims**

  **1.   Claim One**

Plaintiff contends that on July 7, 2007, he "was attacked" by named deputies.  He provides no more details.  He has provided no facts regarding the circumstances and no allegations as to what each individual defendant actually did.  In this claim he also says that Sergeant Brady "reprinted fake report with false report to cover up," without more.  This is

incomprehensible in its present form – he does not say what sort of report or what Brady was covering up, or that he suffered any ill consequences from the report.

### 2. Claim Two

Plaintiff claims that on July 9, 2007, six named deputies attacked him "because of the report." He again has provided no facts regarding the circumstances and no allegations as to what each individual defendant actually did, and does not say what the report was about or how it could trigger an attack.

Plaintiff also contends in this claim that Sergeant Rafanan "denied right to hearing," but does not say what such a hearing would have been about, what Rafanan did that constituted a denial of a right to hearing, or what the consequences were. He also says that Sergeant M. Wentyuk "help cover up." No details are provided, there is no suggestion of what was covered up or how that might violate plaintiff's rights, and he does not allege how Wentyuk's actions injured him.

### 3. Claim Three

Plaintiff also contends that on September 17, 2007, five named deupties attacked him. As with the previous claims, he has not provided enough facts to state a plausible claim.

He also contends that Sergeant Baldwin "denied right to hearing, cover up, and gave indefinite punishment. Deputies who would forward my request slips: [six names] and others. Possible tampering with mail." He does not explain what "hearing" he means or why he would have a right to it, nor say what the punishment was or why imposition of it might violate the Constitution. He also does not say why the fact that the named deputies would not forward . . . request slips" has any relevance. As to mail tampering, he does not allege positively that it happened – something that is "possible" is not grounds for filing a lawsuit. He also does not say what sort of tampering he has in mind or allege facts that would suggest a constitutional violation.

///

///

3

**CONCLUSION**

1. In none of plaintiff's claims has he stated an actionable claim for relief.  For that reason, the case is **DISMISSED** with leave to amend, remedying the deficiencies identified above, within thirty days from the date of this order.  The amended complaint must be on the same form plaintiff used for his complaint, but include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  He may use additional sheets of paper if necessary to adequately explain his claims.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 2, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\FENTAINES0036.DWLTA.wpd

4